IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND'
BALTIMORE DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| KAMILYA BRISCOE | * | Case No. 21-16999-LSS |
| Debtor | * | (Chapter 7) |
| * * * * * * * | * | |
| | * | |
| MARYLAND DEPARTMENT OF LABOR | * | |
| Plaintiff | | |
| v. | * | Adversary Proceeding No. _____ |
| | * | |
| KAMILYA BRISCOE | * | |
| Defendant | | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Maryland Department of Labor ("MDL"), formerly known as DLLR[1], Plaintiff, by its undersigned attorneys, Richard H. Rudasill and Orbie R. Shively, file this Complaint To Determine Dischargeability of Debt against Kamilya Briscoe, Defendant/Debtor, and in support thereof says:

### Jurisdiction and Venue

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. § 523 and Local District Court Rule 402. This proceeding arises in the above-captioned Chapter 7 case under Title 11.

---

[1] The Maryland Department of Labor, Licensing and Regulation ("DLLR") officially changed its name to the Maryland Department of Labor effective3 July 1, 2019.

1

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Pursuant to Local Bankruptcy Rule 7012-1(b), MDL consents to the entry of final orders or judgment by the Bankruptcy Judge.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

4. This is an adversary proceeding to determine the dischargeability of a debt owed by Defendant/Debtor Kamilya Briscoe.

5. Defendant Kamilya Briscoe is the Debtor (hereinafter, "Debtor") in the Chapter 7 bankruptcy case out of which this adversary proceeding arises, having filed the voluntary petition on 11/5/2021.

6. Plaintiff, MDL, is a government agency that, among its other functions, administers the unemployment law, pays unemployment benefit overpayments.

7. The deadline to file a complaint under 11 U.S.C. § 523(a)(2), (4) or (6) is 2/7/2022. This complaint is therefore timely.

### Facts and Background

8. MDL's duties include, but are not limited to administering the unemployment law, paying unemployment benefits to eligible recipients, and collection unemployment benefit overpayments.

9. Under Maryland law, unemployment benefit claimants are generally entitled to receive unemployment benefits if they are unemployed, were not terminated from prior employment without substantial cause or through misconduct and are not receiving certain retirement benefits nor unemployment benefits from another source. Md. Code Ann., Labor and Employment Article ("LE"), §§ 8-902, 8-903, 8-1001, 8-1002, 8-1002.1, 8-1003, 87-1005, 8-1006, 8-1008.

10. MDL is a creditor of Debtor, having paid unemployment benefits to Debtor which were obtained by false pretenses, false representation, or actual fraud by Debtor knowingly giving incorrect, incomplete, or false information to obtain or increase benefits.

11. Upon a determination that a claimant is not entitled to the unemployment benefits the claimant received, MDL may recover the overpaid benefits, plus interest of one and one-half precent (1.5%) ("fraud interest") if it is determined that the claimant knowingly made a false statement or representation or knowingly failed to disclose a material fact to obtain or increase a benefit. MD Code Ann. LE §§ 8-809, 8-1301. Interest based on fraud is calculated from the date the claimant is notified that the claimant was not entitled to benefits received, MDL may also recover a monetary penalty ("fraud penalty") of fifteen percent (15%) of all benefits paid to the claimant for each week for which the false statement or representation was made or for which the claimant failed to disclose a material fact. Md. Code Ann., LE § 8-809(b)(2).

12. Debtor filed claim(s) for unemployment benefits in 2018 and 2019 at which time MDL informed Debtor of the requirements to remain eligible to receive unemployment benefits and sent Debtor a pamphlet explaining those requirements.

13. While receiving the unemployment benefits, Debtor made express representations to DOL that Debtor remained unemployment or underemployed and was eligible and entitled to receive the unemployment benefit payments for each week MDL paid the benefits. In fact, for each applicable week, Debtor falsely represented that she was unemployed and therefore had zero income. Debtor knew those representations were false when Debtor made them and made those representations

3

with the intent of deceiving DOL. See Exhibit 1: Fact-Finding Report as to employer Bureau of the Census which are incorporated by reference as if fully set forth herein.

14. MDL subsequently determined on January 28, 2020 that Debtor had earned income from employment with Bureau of the Census for the weeks ending 12/29/2018 through the week ending 6/29/2019. These overpayments totaled Twenty-seven (27) weeks.

16. In mandatory weekly reports, Debtor fraudulently did not report the income Debtor received and was therefore ineligible for the benefits received in the amount of Eleven Thousand One-hundred and Eighty Dollars ($11,180.00) in overpayment principal, fraud penalty of One Thousand Three-hundred Fifty Dollars and Two Cents ($1,350.02), interest based on the fraud ("fraud interest") One Thousand Six-hundred Seventy-seven Dollars ($1,677.00), for a total balance of Fourteen Thousand Two-hundred Seven Dollars and Two Cents ($14,207.02). See Exhibit 2: Overpayment summary, OP 92582, 92583 and 92584 detail and wages reported by Bureau of the Census for Debtor.

17. MDL notified Debtor on January 28, 2020, that MDL had made determinations that Debtor was ineligible for the benefits Debtor received as a result of Debtor's fraudulent conduct and provided Debtor with appeal rights to protest the determination. See Exhibit 3: Notices of Fraud Determination relating to employer Gilchrist Hospice Care, Inc. MDL's determinations are final and unappealable.

## CLAIM—DETERMINATION OF DEBT AS NONDISCHARGEABLE

18. The allegations set forth in paragraphs one (1) through seventeen (17) are realleged and incorporated by reference as if fully set forth herein.

4

19. Debtor is indebted to MDL on a debt for money obtained by false pretenses, false representations, or actual fraud, which arose as a result of unemployment benefits Debtor received from MDL.

20. MDL paid unemployment benefits to Debtor because of justifiable reliance on Debtor's false and fraudulent representations that Debtor eligible and entitled to receive the unemployment benefit payments from MDL, and MDL believed Debtor's statements of eligibility which Debtor represented to be truthful.

21. Upon that justifiable reliance, MDL paid to Debtor, and Debtor accepted, unemployment benefits.

22. As a result of the above false pretenses, false representation and/or actual fraud, the Debtor is indebted to MDL in the amount of Eleven Thousand One-hundred and Eighty Dollars ($11,180.00) in overpayment principal, fraud penalty of One Thousand Six-hundred Seventy-seven Dollars ($1,677.00), interest based on the fraud ("fraud interest") One Thousand Three-hundred Fifty Dollars and Two Cents ($1,350.02), for a total balance of Fourteen Thousand Two-hundred Seven Dollars and Two Cents ($14,207.02), which is nondischargable pursuant to 11 U.S.C. § 523(a)(2)(A).

23. The fraud penalty of One Thousand Six-hundred Seventy-seven Dollars ($1,677.00) is also nondischargeable pursuant to 11 U.S.C. § 523(a)(7) because it is "payable to and for the benefit of a governmental unit" and does not "constitute compensation for actual pecuniary loss." See *e.g. Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L. Ed.2d. 216 (1986); see also *In re Smith*, 317 B.R. 302 (Bkrtcy.D.Md. 2004).

WHEREFORE, Plaintiff MDL respectfully requests that this Court:

(a) Determine that the debt owed by Defendant Kamilya Briscoe to MDL consisting of Eleven Thousand One-hundred and Eighty Dollars ($11,180.00) in overpayment principal, fraud penalty of One Thousand Six-hundred Seventy-seven Dollars ($1,677.00), interest based on the fraud of One Thousand Three-hundred Fifty Dollars and Two Cents ($1,350.02), for a total balance of Fourteen Thousand Two-hundred Seven Dollars and Two Cents ($14,207.02), and costs of Three Hundred Fifty Dollars ($350.00) to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A); and

(b) Determine that the fraud penalty of One Thousand Six-hundred Seventy-seven Dollars ($1,677.00) is also nondischargeable pursuant to 11 U.S.C. § 523(a)(7); and

(cc) Grant judgment in favor of Plaintiff MDL and against the Defendant/Debtor Kamilya Briscoe in the amount of Fourteen Thousand Two-hundred Seven Dollars and Two Cents ($14,207.02), and costs of Three Hundred Fifty Dollars ($350.00), plus post-judgment interest at the federal rate from the date of entry of judgment; and

(d) for such other and further relief as the Court may deem just and proper.

/s/ Orbie R. Shively
Orbie R. Shively (Fed. Bar No. 04461)
orbie.shively@maryland.gov
410-767-4366

/s/ Richard H. Rudasill
Richard H. Rudasill (Fed. Bar No. 21980)
richard.rudasill@maryland.gov
410-767-9720
Maryland Department of Labor
Legal Services and Collection
1100 North Eutaw St., Rm. 401
Baltimore, Maryland 21201